FILED
IN CLERKS OFFICE
2021 MAR -2 PM 4: 34
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action No
Friedrich Lu, Plaintiff
v
Kimberly S Budd, Mark V Green, Paula M Carey, Serge Georges Jr, Beverly J Cannone, Myong J Joun, David T Donnelly, Eleanor Sinnott, Mark H Summerville, Eric T Donovan, Paula Woodley, Walter F Timilty, Roberto Ronquillo, Jr, Thomas C Horgan, Daniel J Hogan, Mark C Concannon, Patty Wong-Murphy, Robert Murphy, Joslin Ham Murphy, Bernard Greene, Nancy S Heller, Heather Hamilton, Raul Fernandez, John VanScoyoc, Melvin Kleckner, Sara Slymon, Town of Brookline, David Fredette, Shawn A Williams, Jeffrey Driscoll, Jose Araujo, Christopher Vazquez and Joel Flores, court security officer with badge number 207, Daniel P Sullivan, Rebecca S Murray, Andrew Ghobrial, Evan Meredith, Methunion Manor Cooperative Corp, Denise O Salters, Cynthia B Hartman, Mark P Daly, MPD Law, LLC, Karen LaFrazia, Saint Francis House, Inc, Roman Catholic Archbishop of Boston, Robert George Young II, Robert D Cox, Jr, Bowditch & Dewey, LLP, Robert D Cox, Jr, Joseph C Ferreira, Robert L Jubinville, Marilyn M Petitto Devaney, Christopher A Iannella, Eileen R Duff, Paul DePalo and Mary E Hurley, Amy B Bratskeir, Julie Ciollo, defendants

## COMPLAINT

(1)     The court has subject matter jurisdiction over this matter under 28 USC § 1331.

(2)     Plaintiff Friedrich Lu to the United States: "Why me?"

(3)     One Cameron F Kerry, a corrupt attorney Lu onced sued, mocked in a state court filing that Lu was a "tar baby." Not only was he correctly describing the past, but he also proved prescient. Each and every person Lu has touched (adversaries, attorneys, judges or clerks) has turned into base metal -- the opposite of Midas touch. Food for thought.

(4)     In the aftermath of Chappaquiddick incident, then president Richard M Nixon wondered aloud about the seemingly preferential treatment of Senator Edward M Kennedy at the hand of Massachusetts court system (eg, local police, district attorney, and judge). Lacking a leg to stand on, however, he gave up. Fast forward, watching the 1995 Olivre Stone's 1995 film *Nixon* (alone in a theater), Lu wept profusely: such a tragedy.

(5)     There is a master mind (or a clique of master minds) behind most of the rest of the complaint (certainly excluding Boston police officers), whose identity is unknown to Lu.

(a)     There has been an incorrigible corruption ring in this district court whose members are, though they may not know one another as such: Chief District Judge F Dennis Saylor IV, District Judges Patti B Saris, Denise J Casper, Indira Talwani, Leo Sorokin, Allison D Burroughs, Senior District Judges Mark L Wolf and George A O'Toole Jr, and Magistrate Judges Marianne B Bowler, Judith G Dein, Jennifer C Boal -- plus one district judge Lu is reluctant to name due to Lu'a affinity to that judge.

(b)     This action is an indictment against Massachusetss, whose courts (judges and clerks from top to bottom at every level) are rotten to the core.

**(6)**
(a)     Bar four (Carey, Georges, Ronquillo, Horgan), Massachusetts court judges are sued in official capacity: Kimberly S Budd and Mark V Green (chief justices of SJC and Appeals Court, respectively) and Beverly J Cannone (associate justices of Massachusetts superior court; Myong J Joun, David T Donnelly, Eleanor Sinnott, and Mark H Summerville (associate justices of Boston Municipal Court (BMC) ).

Paula M Carey (chief justice of Trial Court) is sued in both official and personal capacities, same as Rebecca S Murray, Supervisor of Records under Secretary of Commonwealth, Massachusetts.

(b)     Clerk Eric T Donovan of BMC Brighton Division is sued in both official and personal capacity, and employee (not assistant clerk) Paula Woodley of said division, in personal capacity.

(c)     SJC Associate Justice Serge Georges, Jr alongside BMC Chief Justice Roberto Ronquillo, Jr, and BMC Central Division's First Justice Thomas C Horgan are sued in personal capacity, as are Norfolk Superior Court clerk Walter F Timilty, plus BMC Central Division's Clerk Daniel J Hogan, First Assistant Clerk Mark C Concannon, First Assistant Clerk in Civil Business Patty

Wong-Murphy (Central Division has an additional First Assistant Clerk in *Criminal* business, both of whom are under Concannon; Lu does not sue that one).

(d)     Governor's Council of Massachusetts consists of Joseph C Ferreira, Robert L Jubinville, Marilyn M Petitto Devaney, Christopher A Iannella, Eileen R Duff, Paul DePalo and Mary E Hurley. They are sued in personal capacities.

(e)     The other defendants who are government employees warrant no mention. See *Kentucky v Graham* (1985) 473 US 159, 167, n 14, ¶ 2.

(7)     Upon learning *Lu* v *Town of Brookline*, Norfolk Super Ct No 2082-cv-91, Brookline top brass formed animus toward, established a municipal policy and sought to retaliate against Lu in part by driving him out of its own library system Lu has used, if not the town.

(8)
(a)     Brookline defendants (Selectmen Bernard Greene, Nancy S Heller, Heather Hamilton, Raul Fernandez, John VanScoyoc; Town Administrator Melvin Kleckner, Town Counsel Joslin Ham Murphy, Library Director Sara Slymon, and Town of Brookline) colluded with successive judges presiding over No 2082 to have it dismissed (unsuccessfully due to Lu's superb legal knowledge but achieving the same effect: No 2082 in permafrost indefinitely). The judges in chronological order were: Maynard M Kirpalani, Thomas A Connors and Beverly J Cannone. *Lu v Greene*, US Dist Ct (D.Mass.) No 20-cv-10421-WGY covered the ground of Kirpalani corruption, which is thus excluded from the instant action.

**Count One** (42 USC § 1983): Under color of state law, custom or usage, Brookline defendants deprive Lu of right secured by Fourteenth Amendment (Due Process Clause) to the federal constitution.

(b) Machinating with Brooklinie defendants, Timilty purposefully had the Apr 1, 2020 judgment of dismissal docketed but simultaneously concealed it (possibly an additional order of dismissal that day or shortly before) from Lu by not mailing Lu a copy of the docket entry.

**Count Two** (42 USC § 1983): Under color of state law, custom or usage, Timilty and Brookline defendants deprive Lu of right secured by Fourteenth Amendment (Due Process Clause).

(9) Once they were informed same day of Lu's private visit to a residence of a Brookline librarian on Dec 16, 2020 (nobody answered bell), Brookline defendants sprang into action, even though the residence is located in Boston. They tapped into Brookline police computers for criminal record to obtain information on Lu, including birth date.

**Count Three** (42 USC § 1983): Under color of state law, custom or usage, Brookline defendants deprive Lu of right secured by Fourteenth Amendment (Due Process Clause)

(10) Brookline defendant supplied a false address to the librarian as figurehead to institute a civil action against Lu under Mass Gen Laws Chap 258E (harassment prevention) to procure two consecutive *ex parte* "temporary restraining orders" (TRO; the first was issued on Dec 16, 2020; the second, dated Dec 30, 2020, lasted 28 days, and was in fact an injunction) against Lu, notwithstanding Brookline defendants' constantly emailing Lu back and forth at the time in *Lu v Town of Brookline* and *Lu v Greene*, CA1 No 20-1827. The false address was to ensure Lu would not be served with TROs. The fact of the matter is Massachusetts Legislature downs local police departments with 209A and 258E enactments without providing funding to serve TROs; even with correct defendant address, TROs are often not served until the third or fourth issuance.

**Count Four** (42 USC § 1983): Under color of state law, custom or usage, Brookline defendants deprive Lu of right secured by Fourteenth Amendment (Due Process Clause) by availing themselves of unconstitutional state law.

(11) **Count Five** (42 USC § 1983): Under color of state law, custom or usage, Brookline defendants deprive Lu of right secured by Supremacy Clause by way of Fourteenth Amendment (Due Process Clause). Massachusetts statutes 209A or 258E contradicts federal law.

(12) The two TROs and one-year extension --all with an instruction to keep away from the librarian by 50 yards -- have accomplished Brookline defendants' goal of banishing Lu from its library system (thanks to the librarian's various assignments in its library system which does not publicly announce assignment of any employees) after having done so in January and February 2020.

**Count Six** (42 USC § 1983): Under color of state law, custom or usage, Brookline defendants deprive Lu of right secured by First Amendment (access to library) and Fourteenth Amendment (Due Process Clause)

(13) Lu paid another visit to librarian's residence on Dec 31, 2020. The librarian talked via the intercom and replied, "Wait a second." Twenty minutes passed, whose last four minutes saw a woman in a hoodie with hood on facing the corridor wall six inches ahead, stealing peeps at Lu; who was six yards away, separated by a inner glass door of a double-door entrance. It was winter, but she was indoor.

Two Boston police officers stood at the first door, and Lu went to open the door for them. Four officers swarmed in: Jeffrey Driscoll, Jose Araujo, Christopher Vazquez and Joel Flores, all yelling: "You can not leave now" -- then and there Lu was seized by the foursome. The oman took off the hoodie, and it was the librarian, thinner than Lu had thought. Driscoll ushered ber

back into the corridor. Vazquez kept badgering Lu: "There is a temporary restraining order against you. Why are you here?" Lu calmly said he was unaware of anything Vazquez said, not to be believed, and declared (for he could not prove negatives), "I wish to remain silent." Vazquez went on. Quickly the four learned that Lu was not served with any TRO and had no outstanding warrant. Still they continued to seize Lu in the foyer for an hour without explanation. In the first half hour, the handcuffed Lu (under arrest by definition) was left unattended in the foyer. so that the four might join the librarian inside the second door. There had been no sex or violence, and Lu surmised the librarian piqued the officers' interest with a trove of Lu's court filings, whose appellat briefs at the First Circuit were indeed superlative. Yet the officers were using Lu's time to enlightn themselves. A friendly Driscoll came back about twice, wishing to read aloud to Lu a written TRO in his hand; Lu declined each time, saying he could read it himself. With due respect to the officers, the matter could only be decided in a court of law (not by police, that is). Lu was eager to get a handle of what was going on, and mounted a legal counterattack. Lu's idling there for an hour certainly would not help.

At the beginning of the next half an hour, Driscoll removed handcuffs, but all four indicated Lu could not leave. Asked why, the four said they needed to have TRO served on Lu. Lu suggested helpfully that they serve that copy of TRO on Lu on the spot. Inexplicably, they said they could not, nor were they willing to reveal Lu whose copy it was (though it was apparent that copy belonged to the librarian). Rather they opted to return to District D-14 precinct house to obtain another copy from its computers for Lu's benefit; the round trip took about half an hour -- Lu thought it would be simpler to give Lu librarian's copy and either mail or take a round trip for another copy to the librarian but Lu was not consulted.

The 258E burdens local police to serve TROs. They had not done that on Lu, whatever the reasons. Upon encountering Lu, the foursome thought it expedient, as confirmed to City of Boston's custom or usage, to detain Lu as a captive audience for the purpose of serving a TRO.

**Count Seven** (42 USC § 1983): Under color of state law, custom or usage, Driscoll, Jose Araujo, Vazquez and Flores deprive Lu of right secured by Fourth Amendment (Unreasonable Seizure) and Fourteenth Amendment (Due Process Clause).

**(14)** The Four Boston police officers thought Lu would likely contest his seizure, and hence agreed to Lu's demand for a police report so that they could justify the hold. Vazquez's parting shot was (probably of the warrant check): "It was such a confusion. Many people share the same name." "Share the same name?" Lu was incredulous. Lu went to Boston police headquarters for the police report, but a female clerk smiled, indicated the Dec 31, 2020 police report on Lu was No 202095606. handed Lu a City of Boston policy, and said that a police report in 209A would not be public record and will not be released, even to a defendant. Lu explained again his was a 258E case, not 209A. She remained smiling: "The same category," and directed Lu to police legal advisor as pointed out in that policy. Repeating the above, Lu emailed David Fredette, Legal Advisor, Boston Police Department, who, with consent of Boston (public) Record Access Officer Shawn Williams, did not respond to Lu.

Said city Policy reproduces Mass Gen Laws chap 41, §§ 97D and 98F, where 258E is nowhere to be seen.

**Count Eight** (42 USC § 1983): Under color of state law, custom or usage, Frederie an Williams deprive Lu of right secured by Fourteenth Amendment (Due Process Clause). To the extent that §§ 97D and 98F do deny a 258E defendant the police report that features him, the sections are unconstitutional.

(15) Lu acquired the names of preceding officers from Williams in an effort comparable to squeezing water from a stone. Williams has a propensity not to respond to Lu's other public record request, and remains recalcitrant after Supervisor of Records ordered release.

**Count Nine** (42 USC § 1983): Under color of state law, custom or usage, Williams deprive Lu of right secured by Fourteenth Amendment (Due Process Clause).

**Count Ten** (pendant jurisdiction: Mass gen Laws chap 66, §10): Lu requests this court to enforce Supervisor's orders.

(16) Jan 4, 2021 was the first business day of the year. Lu arrived at BMC Brighton Division which was temporarily housed at Brookline District Court. During the half an hour starting before 8:30 am, other members of the public (none were attorneys) who sought to enter the courthouse were let in but not Lu, who wanted to ask questions and file papers at Brighton clerk's office. Donovan, Woodley, and three court security officers (one with badge number 207) denied Lu entry, in spite of SJC orders on court access; refused to accept Lu's papers for filing, and directed Lu (who lacked access to telephone) to call Woodley instead. With difficulty, Lu reached a phone an hour later but Woodley was said to be "too busy with others who were there" inside the clerk;s office. Lu emailed in his questions (as well as papers), in different days, all of which (even access to court hearing to be held on Jan 29, 2021; the last question asked teh day before, but upon arrival the hearing date, court security informed Lu Brighton Division had moved back) were ignored except one (existence of plaintiff's affidavit).

These court officials did so in collusion with Brookline defendants.

**Count Eleven** (42 USC § 1983): Under color of state law, custom or usage Carey, Donovan, Woodley, and the court security officer with badge number 207 (all sued in personal

capacity under this count) along with Brookline defendants deprive Lu of right secured by First Amendment (Petition Clause: access to court) and Fourteenth Amendment (Due Process Clause).

**(17)** Daniel P Sullivan, General Counsel of Executive Office of the Trial Court of Massachusetts, is sued in official capacity. Sued in both official and personal capacities is Rebecca S Murray, Supervisor of Records under Secretary of Commonwealth, also of Massachusetts; her deputy Andrew Ghobrial is, however, sued in his personal capacity,

(a) Murray and Ghobrial always demand "original request" of Lu's public record requests to agencies. Absent original request, they would not accept an appeal, although Lu complained loudly a copy (through "copying and pasting," in Ghobrial own words dated Feb 20, 2020) of the original request had all hallmarks of the original, and agencies acquiesced. Upon request for authority for such an odd position, the duo same day cited "950 CMR 32.08(g)" whose wordings include "copy" twice (never "original request"). The duo's true goal is to spy on other emails clustered under the same subject line, and forced Lu to disclose contents irrelevant to an appeal. The same clashes over "original request" have occurred in many of Lu's appeals to Murray, all dead at the threshold with their sleight of hand.

**Count Twelve** (42 USC § 1983): Under color of state law, custom or usage, Murray and Ghobrial (both sued in personal capacities) deprive Lu of right secured by Fourth Amendment (Unreasonable Searches and Seizures) and Fourteenth Amendment (Due Process Clause).

(b) On Jan 4, 2021 Lu to Sullivan made a public record request for names of three court security officers who blocked his entrance to BMC Brighton Division. Hearing nothing, Lu appealed from the nonresponse to Murray. Sullivan then appeared and made a legal statement; Murray denied Lu's request.

**Count Thirteen** (42 USC § 1983): Under color of state law, custom or usage Murray (sued here in her official capacity) and Sullivan deprive Lu of right secured by Fourteenth Amendment (Due Process and Equal Protection Clauses).

**Count Fourteen**: Under chap 66, § 10, Lu hereby appeals Murray's denial to this court. Lu asks this court to certify questions to SJC (after Gorges corruption is exposed).

**(18)**   Donavan sat on Lu's

• Jan 4, 2021 Notice of Appeal followed by Jan 6, 2021 Revised Notice of Appeal (notwithstanding Lu's requests to transmit record to Appeals Court without awaiting transcripts, now that Lu ordered them and Donovan had the authority over Lu's order in terms of whether or when to allow such an order);

• Lu's Jan 5, 2021 ordering of access to both *ex parte* hearings (on Dec 16 and 30, 2020), granted access to both hearings on Jan 14, 2021 but continued holding back notices of appeal when Lu submitted both transcripts on Jan 19 following, thus mooting that appeal. At the outset of the Jan 29, 2021 hearing, Joun, J brushed aside Lu's bitter complaint of Donovan's inaction as "regrettable."

Since, Donovan and Woodley have for a month sat on Lu's hand-written Jan 29, 2021 notice of appeal (and a separate same-day ordering of / paying for the access to healing of that day) and intend to keep on doing it for another 11 months, until the one-year injunction expires -- both in conspiracy with Brookline defendants.

**Count Fifteen** (42 USC § 1983): In not promulgating public rule about ordering the audio access to a trial court hearing, Carey secretly hands unlimited discretion to clerks (if no others) to decide whether or when to grant the access (not to mention a decision not subject to appeal) -- and clerks do take advantage of the loopholes. Under color of state law, custom or

usage. Carey, Donovan, Woodley (all sued in personal capacities under this count) and Brookline defendants deprive Lu of right secured by First Amendment (Petition Clause: access to court, Massachusetts Appeals Court with respect to Jan 4 and 6, 2021 notices of appeal) and Fourteenth Amendment (Due Process and Equal Protection Clauses).

**(19)** Court proceedings are presumed to be public. Cases under Mass Gen Laws chaps 209A and 258E are conducted in secrecy, at least out of earshot of the public and prosecutors (because the cases are nominally civil). Brookline defendants colluded Joun, Donnelly and Donovan, so that the 258E extension hearing on Jan 29, 2021 was in a courtroom where there was no spectator in the gallery (due to the Covid-19 pandemic) but a prosecutor sitting at the prosecution table (two yards ahead of Lu) just for Lu. Joun the judge did not disclose the identify of the prosecutor or his title, and Lu knew that the entire proceeding was a setup, it was a Kangaroo court, amd decision preordained.

**Count Sixteen** (42 USC § 1983): Under color of state law, custom or usage. Brookline defendants deprive Lu of right secured by Fourteenth Amendment (Equal Protection Clause), in creating a "class of one" in Lu.

**(20)** For weeks, Brookline defendants have resisted Lu's effort to make an appointment so that after the commencement of the instant action, those defendants may be served with process. Brookline Town Hall for a few months has required a member of the public to make an appointment with certain departments of Brookline, whose offices are located upstairs, so that a representative of a department may come down to meet with that person on the ground level. It is not like Boston City Hall, which opens at upper levels also to the public on some weekdays.

In effect, Brookline defendants are evading process.

**Count Seventeen** (42 USC § 1983): Under color of state law, custom, Brookline defendants deprive Lu of right secured by Fourteenth Amendment (Due Process Clause).

**(21)**

(a) In *Lu* v *Meredith*, BMC (Central Div) No 1901-cv-1771, defendants were Evan Meredith plus Methunion Manor Cooperative Corp, with the latter added as a new defendant to First Amended Complaint filed on Oct 8, 2019 for combining with Meredith to loot, intentional infliction of emotional harm, and private nuisance. These two, together with Denise O Salters (president of Methunion Manor), attorneys Cynthia B Hartman (associate) and Mark P Daly (founder) of MPD Law, LLC -- collectively Meredith defendants -- colluded with Ronquillo, Horgan, Hogan, Concannon, and Wong-Murphy (BMC judges and clerks who were behind the scenes) to have the amended complaint dismissed prematurely on Dec 20, 2019 "for failure to make service within 90 days," despite the fact that the actual 90-day deadline from Oct 8 was to end in January 2020. Since the dismissal, X has unleashed Meredith and Methunion Manor as an attack dog against Lu.

**Count Eighteen** (42 USC § 1983): Under color of state law, custom, all of the above (Meredith defendants, Ronquillo, Horgan, Hogan, Concannon, and Wong-Murphy) deprive Lu of right secured by First Amendment (Petition Clause: access to court, BMC) and Fourteenth Amendment (Due Process Clause).

(b) Karen LaFrazia is CEO of St Francis House, Inc, whose parent is Roman Catholic Archbishop of Boston, a corporation sole. Robert George Young II of law firm Bowditch & Dewey, LLP (whose managing director is Robert D Cox, Jr) was counsel for both in *Lu* v *LaFrazia*. BMC (Central Division) No 2001-cv-632. There all of the above (LaFrazia, St Francis House, Roman Catholic Archbishop, Young, Bowditch & Dewey, Cox; collectively "LaFrazia defendants") colluded with Ronquillo, Horgan, Hogan, Concannon, and Wong-Murphy (none

leaving their names on the docket) as well as BMC Associates Justices Eleanor Sinnott (to deny Lu a deposition of LaFrazia and Young to probe corruption) and Mark H Summerville (to have the case dismissed) and went on a rampage so

- that Lu's First Amended Complaint or Middlesex sheriff's return of service on St Francis House, Inc (the latter sheriff's office twice filed) was not docketed;

- that clerk's office did not notify Lu of the docketing of the Jan 28, 2021 Summerville's order of dismissal *and* judgment the next day (the motion to dismiss was based on facts manufactured by and among LaFrazia defendants);

- and that finally Lu's Feb 8, 2021 Notice of Appeal (along with a check of $180) not docketed.

**Count Nineteen** (42 USC § 1983): Under color of state law, custom or usage, all of the above (LaFrazia defendants, Ronquillo, Horgan, Hogan, Concannon, and Wong-Murphy) deprive Lu of right secured by First Amendment (Petition Clause: access to court, BMC) and Fourteenth Amendment (Due Process and Equal Protection Clauses (the latter by not docketing the amended complaint, returns of service, and notice of appeal; and by not notifying Lu of docket entries of either order of dismissal or judgment).

**(22)**
(a)     On Nov 13, 2020 (a day after confirmation hearing), Lu hand-delivered his opposition to Massachusetts Governor's Councilor Iannella: Budd terminated *Lu v Town of Brookline*, SJC for Suffolk County No SJ-2020-51 "on the suggestion of another * * * * I hope to know whom and why"). The next day Lu email to each member of Massachusetts Governor's Council (subject: "I Wish to Oppose Budd J's Nomintion [sic] to Be Chief Justice of SJC") with the precious letter as an attachment. Governor's Council turned a deaf ear, asserting the hearing had been held.

(b) On Nov 23, 2020 Lu emailed (subject: "Wish to Oppose Serge Georges J's Nomin[a]tion to Be Associate Justice of SJC;" regarding Georges's corruption) each member of Governor's Council. Georges was able to have Lu excluded from the Dec 2, 2020 confirmation hearing; Governor's Council unanimously (7:0) confirmed Geroges's nomination 7 days later.

(c) **Count Twenty** (42 USC § 1983): Under color of state law, custom or usage, Georges and Massachusetts Governor's Councillors (Ferreira, Jubinville, Petitto Devaney, Iannella, Duff, DePalo and Hurley) deprive Lu of right secured by First Amendment (Petition Clause), applicable to the state through Fourteenth Amendment (Due Process Clause).

(23)
(a) In the ongoing *Lu* v *Davis*, US Dist Ct (D.Mass.) No 19-cv-11968-PBS, Amy B Bratskeir (alongside Julie Ciollo, who is not counsel of the record; both are Assistant General Counsel; Ciollo doubles as Records Access Officer; both sued in personal capacity) of Massachusetts Bay Transportation Authority (MBTA), has collaborated with judges of the case (Saris, DJ and Bowler, MJ), aiming at case dismissal.

**Count Twenty One**: Bratskeir and Ciollo deprives Lu of right secured by Fifth Amendment (Due Process Clause).

(b) **Count Twenty Two**: Ciollo is defying Murray's orders to release public records. Lu appeals to this court under Mass Gen Laws chap 66, § 10.

(24) Lu requests jury trial for damage (including the punitive one), injunctive and declaratory relief, and court cost. Lu asks for declaratory judgment that Budd, Green, Carey, Joun and Donnelly not enforce 209A or 258E, and that Cannone, Sinnott, pr Summerville not further engage in judicial corruption -- plus an injunction against Ronquillo, Jr and Horgan not to manipulate docketings behind the curtain.

Plaintiff: Friedrich Lu, pro se
Date: March 2, 2021
Email address: chi2flu@gmail.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112