UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU, )<br>  )<br>   Plaintiff, )<br>  )<br>   v. )<br>  )<br>KIMBERLY S. BUDD, et al., )<br>  )<br>   Defendants. )<br>  ) | Civil Action No.<br>21-10352-FDS |

### MEMORANDUM AND ORDER

**SAYLOR, C.J.**

The incoherent, rambling complaint in this action essentially alleges a massive conspiracy against, among others, various members of the Massachusetts judicial system and Governor's Council; the Town of Brookline, Massachusetts, and various town officials; a Boston-area homeless shelter; and the Roman Catholic Archbishop of Boston. Plaintiff Friedrich Lu, proceeding *pro se*, brought this action against 59 defendants, alleging a variety of constitutional deprivations under 42 U.S.C. § 1983. Two of those defendants, Karen LaFrazia and Saint Francis House, Inc., have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Lu is a frequent litigant, filing at least 40 cases in this court against various public and private parties over a period of more than 20 years.[1] On March 29, 2002, the court in one of

---

[1] For convenience, the cases brought by Lu in this district are listed here by docket number only: 95-cv-12041-GAO; 96-cv-11253-REK; 96-cv-12257-RGS; 96-CV-12546-PBS; 97-cv-12021-DPW; 97-cv-12129-MLW; 97-cv-12323-GAO; 98-mc-10494; 99-cv-12448-REK; 00-cv-12465-RWZ; 00-cv-11492-MLW; 00-cv-10614-EFH; 01-cv-11384-MLW; 01-cv-10078-RWZ; 02-cv-11860-RCL; 12-cv-10326-WGY; 12-cv-11117-MLW; 14-cv-13053-LTS; 15-cv-10088-ABD; 15-cv-10615-PBS; 15-cv-10920-LTS; 15-cv-13344-PBS; 15-cv-11558-GAO; 15-cv-13349-GAO; 15-cv-13576-IT; 15-cv-14081-DJC; 16-cv-12220-FDS; 17-cv-10119-IT; 17-cv-10518-PBS; 18-cv-

those cases issued an injunction requiring him to "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order" ("March 2002 Order").  *Lu v. Harvard University et al.*, Memorandum and Order, 00-cv-11492-MLW (Mar. 29, 2002) (Wolf, J.).[2]

In violation of that order, Lu did not file a certification or a copy of the March 2002 Order when he filed this action on March 2, 2021.  He also failed to do so in any of his seven subsequent motions in this case.

Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Moreover, a district court may "*sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order."  *Dejong v. Berryhill*, 2019 WL 5150173, at *2 (D. Mass. Aug. 23, 2019) report and recommendation adopted 2019 WL 5258406 (D. Mass. Oct. 3, 2019) (citing *Unitronics (1989 (R"G) Ltd. V. Gharb*, 85 F. Supp. 3d 118, 126 (D.D.C. 2015)).  Unless otherwise stated by the court, "a dismissal under this subdivision . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  That is because "in the federal system the Civil Rules reinforce and augment the inherent power of district courts to dismiss cases for disregard of judicial orders."  *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) (citing Fed. R. Civ. P. 41(b)).  Dismissal under Rule 41(b) requires consideration of several factors, including,

---

10105-IT; 18-cv-12544-LEW; 19-cv-11195-WGY; 19-cv-11681-ADB; 19-cv-11968-PBS; 19-cv-11458-FDS; 20-cv-10031-JGD; 20-cv-10366-JGD; 20-cv-10421-WGY; 20-cv-12010-IT; 21-cv-10516-DJC.

[2] The March 2002 Order was issued in response to the court's observation that Lu had, even at the time, filed at least 14 cases in the District of Massachusetts and 10 suits in the courts of the Commonwealth of Massachusetts.  *Lu v. Harvard University et al.*, Memorandum and Order, 00-cv-11492-MLW (Mar. 29, 2002) (Wolf, J.).  The court further observed that, because Lu was filing "*in forma pauperis* and/or *pro se*," he was incurring little or no costs personally while imposing significant costs on those he sued.  *Id.*

"the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007) (quoting *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir.2006) (internal quotation omitted).

It is clear that Lu has made no effort to comply with the March 2002 Order. Furthermore, it appears that he has failed to do so in other cases. *See, e.g., Lu v. Menino*, 98 F. Supp. 3d 85, 107-09 (2015) (finding that Lu failed to comply with the March 2002 Order in at least two prior cases, including one in which he was fined $500 for failing to comply, and warning that "[i]n the event plaintiff continues to violate the March [2002] Order by filing a complaint in this district without attaching the March [2002] Order and without complying with the certification requirement, he is advised that such conduct may result in a sanction, including a monetary sanction or a stricter bar to filing cases in this district"); *Lu v. Niles*, 2017 WL 3027251, at *2 (D. Mass. July 17, 2017) (noting that "[i]n light of Lu's continued recalcitrance in the face of multiple warnings, defendant would have a strong argument that the harsh sanction of dismissal under Rule 41(b) should be imposed) (internal quotation omitted); *Lu v. Capitol Waste Servs., Inc.*, 2019 WL 8756875, at *1 (D. Mass. Sept. 19, 2019) (noting that Lu violated the March 2002 Order by failing to file a certification or copy of the Order); *Lu v. Clarke*, 2021 WL 783964, at *1 (D. Mass. Feb. 26, 2021) (noting that Lu offered no excuse for his non-compliance with the March 2002 Order).

Because of his continued violations of the March 2002 Order, this action will be dismissed with prejudice. Almost every factor cited in *Malot* cuts in favor of enforcing the sanction of dismissal. 478 F.3d at 44. Lu has disregarded the March 2002 Order, without excuse, in multiple cases; lesser sanctions, including warnings and fines, have had no effect; and his failure to follow the

3

order is obviously willful given the repeated warnings received.  Lu may be a *pro se* litigant, but that "does not insulate [him] from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997); *see also Capizzi v. States Res. Corp.*, 2005 WL 113679, at *5 (D. Mass. Jan. 20, 2005) (rejecting the argument that *pro se* status excused plaintiffs from complying with court orders).

Accordingly, the action will be dismissed with prejudice.

### III.     Conclusion

For the foregoing reasons, this action is DISMISSED with prejudice.  The Clerk is instructed to terminate all pending motions as moot in light of the dismissal of the Complaint.

**So Ordered.**

Dated: June 24, 2021

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court