FILED IN CLERKS OFFICE
2021 JUL -7 PM 5:05
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Friedrich Lu, Plaintiff )  Civil Action No 21-10352-FDS
v )
Kimberly S Budd, et al, Defendants )

### PLAINTIFF'S CROSS-MOTION TO SANCTION LAFRAZIA, FIRM & COUNSEL

(1)

(a)  On June 7, 2021 defendants San Francis House, Inc and its CEO Karen LaFrazia filed a Fed Rule Civ Proc (Rule) 12(b)(6) motion -- with memorandum of law (*Memorandum*) -- to dismiss for failure to state a claim, or alternatively, to abstain under *Colorado River* doctrine.

(b)  Plaintiff Friedrich Lu now turns the tables and moves for sanction under **Rule 11** against the above two defendants and their counsel (attorney Elizabeth H Kelly and her law firm Locke Lord LLP) -- for filing the frivolous motion.

(2)  Reasons are as follows.

(a)  *Memorandum* 3 asserted: "The Defendants, a non-profit day shelter and its Executive Director, are both private, non-state actors," but conceded they were state actors if they are "willingly engaged in joint action with the government." *Ibid*.

(b)  For starters, *Dennis* v *Sparks* (1980) 449 US 24 -- affirming (CA5 1979) 604 F.2d 976 (*en banc*) -- foreclosed the argument advanced in the first quotation. Being pedantic, Lu chided and said this argument has been foreclosed ever since 1969. See *Lugar* v *Edmondson Oil Co* (1982) 457 US 922, 926-927 (Fourth Circuit "failed to give sufficient weight to that line of cases, beginning with *Sniadach* v *Family Finance Corp* (1969) 395 US 337").

(c)  To the extent Memorandum 4 stated, "Lu alleges no facts," the statement is self-defeating -- particularly in view of the fact that said Memorandum did not allege defendants were at loss about what they were accused of.

(3)  *Memorandum* 4-7 proposed abstention. Under whatever doctrine to abstain, the sine qua non is there must be an action pending in state court. But there is none.

(a)     For the purpose of a Rule 12(b) motion, the complaint is deemed true.

(b)     Defendants never allege Lu fabricates facts against them in the complaint.

(c)     Indeed, Lu was unaware of docketing of his notice of appeal at Boston Municipal Court (BMC) until in her pre-motion consultation under US Dist Ct (D.Mass.) Local Rule 7.1, attorney Kelly broached it in her first email to Lu on June 2, 2021. Lu did not think it was true (and told Kelly so: "I wondered then (yesterday) why you were so wrong about appeal; I wondered then whether that (appeal) was sort of your pick-up line" (parentheses original) ), until Memorandum incorporated the BMC docket as exhibits.

(d)     There is no indicating that said docketing was done before Lu filed the instant complaint. Under penalty of perjury, Lu stated that he has not received either notification about the Feb 8, 2021 docketing of the notice of appeal or the Mar 1, 2021 *"Notice to the Parties was generated and sent to"* parties' addresses.

(e)     In the instant case, BMC officials (judges and clerks) in collusion with these two defendants have been in default. But for this judge (Saylor IV, CJ) holding back clerk, entry of default would have been entered months ago against them. With the entry, the court officials acknowledged fact alleged in the complaint against them. Their falsification of the docket after service of the complaint on them merely betrays their guilty mind.

(f)     Unaware of the docketing, Lu did not perfect the appeal. See Rules 8A, 8B and 8C of Massachusetts District/Municipal Courts Rules for Appellate Division Appeal. https://www.mass.gov/law-library/massachusetts-districtmunicipal-courts-rules-for-appellate-division-appeal

(4)     *Colorado River* is simply inapposite. Or abstention in general, for that matter.

(a) "Lu's appeal in the BMC case and this case are parallel." *Memorandum* 5. That is a bald-faced lie.

(b) It is uncontroverted that the case at bar has a different cause of action than those in BMC.

(c) Except *Younger* abstention (in which federal civil action is sought to enjoin a pending state criminal court), all other abstentions requires the necessary but not sufficient precondition of parallel civil actions in both federal and civil courts -- or, in the *Pullman* abstention, to be filed in the state court. See *Railroad Commission of Texas* v *Pullman Co* (1941) 312 US 496, 502 ("to be brought with reasonable promptness, in the state court").

(d) On *Colorado River*: *Quackenbush* v *Allstate Insurance Co* (1996) 517 US 706, 717 ("cases which are duplicative of a pending state proceeding, see *Colorado River*"); *Wilton* v *Seven Falls Co* (1995) 515 US 277, 279 ("pendency of parallel state court proceedings"); *Colorado River Water Conservation District* v *United States* (1976) 424 US 800, 806 ("Shortly after the federal suit was commenced [by (federal) Government], one of the defendants in that suit filed an application in the state court * * * for the purpose of adjudicating all of the Government's claims, both state and federal").

(e) Last but not least, this action is ripe for federal adjudication. See *Dennis*, 449 US, at 26 ("the claim was that the injunction had been corruptly issued * * * thus causing a deprivation of property, *ie*, two years of oil production, without due process of law"); *Knick* v *Township of Scott, Pennsylvania* (2019) 588 US _, _, n 8 ("since the Civil Rights Act of 1871 * * * a federal cause of action [has arisen] when a local government violates the Constitution. 42 USC § 1983"). During Attorney Kelly's 7.1 consultation, Lu brought the *Knick*'s holding to her attention, without citing case name.

Plaintiff: Friedrich Lu, pro se     Date: June 14, 2021     Email address: chi2flu@gmail.com
Address:        ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112