UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU,<br><br>              Plaintiff,<br>   v.<br><br>KIMBERLY S. BUDD, et al.,<br><br>              Defendants. | C.A. No.  1:21-cv-10352 |

### SAINT FRANCIS HOUSE INC. AND KAREN LAFRAZIA'S OPPOSITION TO PLAINTIFF'S RULE 59(e) MOTION

Defendants Karen LaFrazia and Saint Francis House, Inc. (collectively "SFH Defendants"), oppose Plaintiff Friedrich Lu's Rule 59(e) Motion, Dkt. No. 29.  On June 24, 2021, the Court entered an order dismissing Plaintiff's lawsuit pursuant to Fed. R. Civ. P. 41(b), for failure to comply with the Court's March 2002 Order in *Lu v. Harvard University et al.*, 00-CV-11492-MLW (Mar. 29, 2002).  On July 7, 2021, Lu filed a Motion under Fed. R. Civ. P. 59(e) seeking to vacate the June 24, 2021 judgment.[1]  Dkt. No. 29.  Lu's Motion should be denied for the reasons explained below.

**Argument**

**I.      Standard of Review**

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). While the Rule does not state the grounds upon which relief may be granted, it "allow[s] a court to correct its own errors and avoid unnecessary appellate procedures." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183,

---

[1] Plaintiff did not serve the undersigned with a copy of the Rule 59(e) Motion on July 7, nor did he submit a certificate of service. The SFH Defendants were not served with the motion until it was docketed by the Clerk in ECF on July 9, 2021.

190 (1st Cir. 2004). "[D]istrict courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Rule 59(e)." *Id.*

II.     **The Court Properly Dismissed Plaintiff's Lawsuit Under Rule 41(b).**

Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). As the Court recognized in its June 24 Order, the Court may, "*sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." Dkt. No. 25 (citing *Dejong v. Berryhill*, 2019 WL 5150173, at *2 (D. Mass. Aug. 23, 2019); *Unitronics (1989 (R"G) Ltd. V. Gharb,* 85 F. Supp. 3d 118, 126 (D.D.C. 2015); *see also Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) ("Given the inherent judicial authority to make such dismissals, a court may, in appropriate circumstances, enter such a dismissal sua sponte, even absent advance notice of 'the possibility of dismissal.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962)); *Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 525–26 (1st Cir. 2002) ("A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed.R.Civ.P. 41(b).").

The Court exercised its discretion appropriately in this case, considering "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007) (quoting *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 5 (1st Cir. 2006) (internal quotation omitted).

In July of 2000, Lu filed a case against the Harvard School of Dental Medicine alleging violations of the False Claims Act. *Lu v. Harvard University et al.*, 00-CV-11492-MLW (Mar.

2

29, 2002). In a March 29, 2002 Memorandum and Order, District Court Judge Mark L. Wolf dismissed the case with prejudice and issued an order attaching certain conditions to future filings made by Lu in the United States District Court for the District of Massachusetts. **Exhibit A**, at 16-17. The 2002 Order states that Lu must include with "any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of [the] Order, and (2) a certification signed under the pains and penalties of perjury, that he has complied in good faith with [the] Order." *Id*. at 17. In support of the issuance of the 2002 Order, Judge Wolf noted that Lu's prosecution of the case was "inefficient and, at worst, reckless," that his numerous filings had maligned the court and challenged its authority, and that he made "veiled threats to the defendants." *Id.* at 14-15. The Court further observed that Lu had filed "numerous lawsuits" which "significantly burdened the state and federal court systems and their limited resources." *Id.* at 15. Further, as Lu filed most of his cases pro se or in forma pauperis he incurred "little or no cost in conjunction with these suits" while "the individuals Lu sues must incur the costs associated with responding to Lu's allegations each time he files a new case." *Id.*

In this case, none of Lu's numerous filings have complied with the 2002 Order. Also, as the Court noted, since the 2002 Order, Lu has repeatedly failed to comply with the 2002 Order in other cases resulting in the dismissal of his lawuits and warnings about continuing to violate the 2002 Order in future cases. *See* Dkt. 25 (citing *Lu v. Menino*, 98 F. Supp. 3d 85, 107-09 (2015); *Lu v. Niles*, 2017 WL 3027251, at *2 (D. Mass. July 17, 2017); *Lu v. Capitol Waste Servs., Inc.*, 2019 WL 8756875, at *1 (D. Mass. Sept. 19, 2019); *Lu v. Clarke*, 2021 WL 783964, at *1 (D. Mass. Feb. 26, 2021)); *see also Lu v. Bernard Greene, et al.*, No. 20-cv-10421-WGY, Dkt. No. 15 (D. Mass. July 22, 2020); *Lu v. Stanton, et al.*, No. 20-cv-10366-JGD Dkt. No. 25 (D. Mall

3

July 30, 2020). Lu's violation of the 2002 Order in this case is especially brazen. Just five days before he filed this instant suit, District Court Judge Indira Talwani dismissed Lu's case in *Lu v. Clarke* for failure to comply with the 2002 Order. *Lu v. Clarke*, No. 20-cv-12010, 2021 WL 783964 Dkt. No. 33 (D. Mass. Feb. 26, 2021), appeal docketed, No. 21-1245 (1st Cir. Jun. 16, 2021).

Moreover, the First Circuit has, multiple times, upheld the dismissal of Lu's cases for failure to comply with the 2002 Order. *See Lu v. Bernard Greene*, No. 20-1827, Judgment (1st Cir. April 1, 2021), *Lu v. Stanton*, No. 20-1843, Judgment (1st Cir. March 1, 2021); *Lu v. Capitol Waste Servs., Inc.*, No. 19-2016 & 19-1758, Judgment (1st Cir. July 24, 2020) (all attached as **Exhibit B**).

Despite this clear indication that compliance with the 2002 Order is necessary to maintain an action in this Court, Lu has now made seventeen filings in this case over three months and has not attached the 2002 Order or certification to a single document. Despite the Court's dismissal of his lawsuit on June 24, Lu filed his Rule 59(e) Motion (and two other motions on the same day), again without complying with the 2002 Order. Dismissal is an appropriate sanction "when a plaintiff's misconduct is extreme" and lesser sanctions would not be effective. *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011). "Without a doubt, the disregard of court orders qualifies as extreme behavior, and [the Court] do[es] not take such insolence lightly." *Malot*, 478 F.3d at 44. Lu's failure to comply with the 2002 Order despite repeated warnings is willful and flagrant, and his continued violation of the 2002 Order in this case justifies the dismissal of this lawsuit.

**III.   Lu's Motion Fails to Address His Violations or Support Relief.**

In his Rule 59(e) Motion, Lu fails to give any reason or justification for his failure to

comply with the 2002 Order. Rather, he challenges the Court's legal authority to dismiss his lawsuit for the failure to comply with the 2002 Order. In light of the repeated District Court rulings dismissing his lawsuits under Rule 41(b), and the First Circuit's repeated affirmation of the dismissal of his lawsuits under Rule 41(b), Lu's legal challenges are frivolous.

Lu complains that that he was not provided with notice prior to the dismissal of his lawsuit. However, no notice or hearing was required, because under Rule 41(b), "a District Court may dismiss a case . . . even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633; *see also Renobato v. Compass Bank Corp.*, 480 Fed. App'x 764, 767 (5th Cir. 2012); *Parks v. Ingersoll-Rand Co.*, 380 Fed. App'x 190, 196 (3rd Cir. 2010); *Angulo-Alvarez v. Aponte de la Torre*, 170 F.3d 246, 252 (1st Cir. 1999). The propriety of a dismissal without warning depends in large part on a party's knowledge "of the consequences of his own conduct." *Link*, 370 U.S. at 632. The "[l]ack of a hearing does not offend due process where the plaintiff had ample warning of the consequences of his failure to comply with court orders." *Angulo-Alvarez*, 170 F.3d at 252 (quoting *Spiller v. U.S.V. Lab., Inc.*, 842 F.2d 535, 538 (1st Cir. 1988)).

Here, Lu was fully aware of the consequences of failing to attach the 2002 Order and certification to his filings in this case, as Lu's cases have been dismissed on multiple prior occasions for failure to comply with the 2002 Order. Thus, as Lu was already on notice that his lawsuit may be dismissed if he did not comply with the 2002 Order, it was not necessary for the Court to provide Lu with further notice before dismissing his complaint in this case.

## Conclusion

For the above-mentioned reasons, Plaintiff's Rule 59(e) Motion should be denied.

|  |  |
|---|---|
|  | KAREN LAFRAZIA and SAINT FRANCIS HOUSE, INC., |
|  | /s/ Elizabeth H. Kelly |
|  | Elizabeth H. Kelly (BBO No. 672277) |
|  |   liz.kelly@lockelord.com |
|  | LOCKE LORD LLP |
|  | 111 Huntington Avenue |
|  | Boston, MA 02199 |
| July 23, 2021 | 617.230.0100 |

**Certificate of Service**

I certify that on July 23, 2021, (1) this document was filed through the Court's ECF System and will be served electronically to the Registered Participants identified in the Notice of Electronic Filing, and (2) I caused a copy of this document to be served upon the Plaintiff via First Class Mail at the address listed for Plaintiff on the docket.

/s/   Elizabeth H. Kelly