FILED
IN CLERKS OFFICE
2021 JUL 28  AM 8:47
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Friedrich Lu, Plaintiff           )        Civil Action No 21-10352-FDS
v                                 )
Kimberly S Budd, et al, Defendants )

## PLAINTIFF'S SECOND MOTION TO RECUSE
### I

(1)   The 28 USC § 455 (1988 ed) reads:

"(a)   Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
   (b)   He shall also disqualify himself in the following circumstances:
       (1)   Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
* * *
       (4)   He knows that he, individually * * * has a financial interest in the subject matter in controversy * * * or any other interest that could be substantially affected by the outcome of the proceeding
       (5)   He * * * (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

(b)   Complaint accused many judges of this court of engaging in judicial corruption ( including Saylor IV, CJ), necessarily disqualifying them. Plaintiff Friedrich Lu raised this issue in at least two motions: June 11, 2021 *Motion for Full Disclosure and to Recuse* and July 7, 2021 *Rule 59(e) Motion*. See *Caperton* v *AT Massey Coal Co, Inc* (2009) 556 US 868; *Tumey* v *Ohio* (1927) 273 US 510. Lu will not further belabor the obvious. The rest of the motion is on 455(a).

(2)
(a)   Circuit precedent *United States* v *Chantal* (CA1 1990) 902 F.2d 1018 sets a standard to measure a *455(a)* ruling up against. *Chantal, id*, at 1021-1022, held:

"***The Source of the Critical Error***[:] * * * The First Circuit, however, has repeatedly subscribed to * * * [the] view that, unlike challenges under 28 USC § 144, , the source of the asserted bias/prejudice in a § 455(a) claim can originate explicitly in judicial proceedings." (italics and bald face original in the heading).

(b)     *Waller* v *United States* (1992) 504 US 962 (certiorari denied), 964 (White, J, dissenting) noted First Circuit's line of decisions on 455(a) cultimating in *Chantal* "conflicts not only with the Ninth Circuit, but also with the Fourth, Fifth, Sixth, and Eleventh Circuits") set the stage for *Liteky* v *United States* (1994) 510 US 540. (Justice Byron White retired in 1993. But Justice O'Connor, who joined White in *Waller*, joined the Liteky court.)

*Liteky* noted circuit difference, *id*, at 546, but left it (difference) alone. Indeed Liteky itself acknowledged as much at 555:

"opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Kennedy, J filed a concurring opinion with three other justices, Souter, J included, and cited Chantal approvingly. Id, at 563. Thus, neither the majority nor the concurrence spoke ill of *Chantal*. Indeed *In re Bulger* (CA1 2013) 710 F.3d 42, 45 (authored by Souter, J) cited *Chantal*, silently mocking debates among federal district courts (since 1994 and on-going) whether *Liteky* abrogated *Chantal*.

II

(1)     The court (Saylor IV, CJ) on June 24, 2021 issued Memorandum and Order that observed: "Lu is a frequent litigant, filing at least 40 cases in this court against various public and private parties over a period of more than 20 years [n 1 listing cases]. On March 29, 2002, the court in one of those cases issued an injunction requiring him to * * *"

(2)     Plaintiff Friedrich Lu moves the judge to recuse himself under 455(a), for extrajudicial source (fruit of judge's investigation embodied in the list of 40 cases and other judges' Fed Rule Civ Proc 41(b) decisions concerning Lu) resulting from the judge's determination to nip the case at the bud only way or another.

(3)     *In re United States* (CA1 2006) 441 F.3d 44 (*per curiam*) frowned on a judge conducting own *ex parte* investigation.

(4)     *United States* v *Brocato* (CA5 July 9, 2021) _ F.3d _, _ (judge's "staff had conducted an Internet search and found an obituary"), _ ("We think the Brocatos are correct that the judge's opinion was derived from information that came from an extrajudicial source") (*per curiam*).
http://www.ca5.uscourts.gov/opinions/pub/20/20-40624-CR0.pdf
*Brocato* cited:

(a)     *Kennedy* v *Great Atlantic & Pacific Tea Co, Inc* (CA5 1977) 551 F.2d 593, 596 ("under our adversary system of justice, it was unacceptable that the most damaging evidence against the defendants in this case was brought about by the intervention of a court official in the accumulation of evidence"); and

(b)     *Tejero* v *Portfolio Recovery Associates, LLC* (CA5 2020) 955 F.3d 453, 464, which held:

"the Attorney-Appellants have only themselves to blame. In their request for fees, Tejero's attorneys identified a number of other FDCPA cases in which they had participated. The attorneys provided the case names in the hope that the judge would review those cases and conclude that the lawyers' experience justified their billing rates. Judge Sparks did just that * * *

III

(1)     Fed Rule Evid 201 states, "The court may judicially notice a fact that is not subject to reasonable dispute."

(2)     The court knew or should have known from its own extrajudicial inquiries that Lu has invariably contended vehemently with Judge Wolf's 2002 order that in fact does not exist.

(3)     Rule 201 does not condone the court's roving eyes, either (on top of Part II).

Plaintiff:      Friedrich Lu, pro se
Date:           July 28, 2021
Email address: chi2flu@gmail.com
Address:        ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112