UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU, <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY S. BUDD, et al., <br><br> Defendants. | C.A. No. 1:21-cv-10352 |

**DEFENDANTS KAREN LAFRAZIA AND SAINT FRANCIS HOUSE INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT RECORD BY STRIKING TWO FILINGS**

Defendants, Karen LaFrazia and Saint Francis House, Inc. ("the SFH Defendants"), hereby oppose Plaintiff Friedrich Lu's Motion to Correct Record by Striking Two Filings. Lu has failed to identify any legitimate grounds for striking the SFH Defendants' filings from the record on appeal and, thus, Lu's motion should be denied.

**FACTUAL BACKGROUND**

On March 2, 2021, Lu filed suit against the SFH Defendants and fifty-seven other defendants, alleging various violations of his constitutional rights. Dkt. No. 1. This Court moved *sua sponte* on June 24, 2021 to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order. Dkt. No. 25. After this order was entered, Lu moved on July 7, 2021 to sanction the SFH Defendants and their counsel and to vacate the order of dismissal. Dkt. Nos. 28, 29. On July 23, 2021, the SFH Defendants filed oppositions to both of Lu's motions and caused the oppositions to be served via first class mail on Lu the same day. Dkt. Nos. 30, 31. As indicated in the certificates of service attached to both oppositions, counsel

1

for the SFH Defendants caused both the documents to be mailed to the address listed for Lu on the docket. *Id.*[1]

On July 28, 2021, the Court entered two orders denying Lu's motion for sanctions and Lu's motion to vacate the order of dismissal. Dkt. Nos. 34, 35. On August 17, 2021, Lu filed a Notice of Appeal and a Motion to Correct Record by Striking Two Filings ("Motion"). Dkt. Nos. 37, 38. Lu's Motion alleges that he did not receive service of the SFH Defendants' Opposition to Lu's Rule 59 Motion or their Opposition to Lu's Cross-Motion for Sanctions. Dkt. No. 37. Lu further claims that "[w]hatever was seid [sic] in the certificate of service of these two documents are lies." *Id.* Lu's Motion asks this Court to strike both filings pursuant to Federal Rule of Appellate Procedure 10(e)(1). *Id.*

## ARGUMENT

Under the Federal Rules of Appellate Procedure, the following items make up the record on appeal: "1) the original papers and exhibits filed in the district court; 2) the transcript of proceedings, if any; and 3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). If any difference arises as to "whether the record truly discloses what occurred in the district court" the District Court may settle this dispute and, if necessary, conform the record accordingly. Fed. R. Civ. P. 10(e)(1).

The purpose of Rule 10(e) is to provide the parties with a mechanism to correct any "omissions from or misstatements in the record for appeal." *U.S. v. Pagan-Ferrer*, 736 F.3d 573, 583 (1st Cir. 2013). Rule 10(e) does not allow the court to add information to the record, remove information from the record, or to consider new information that was not raised during the proceedings. *See id.* (quoting *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1986)); 20

---

[1] Counsel for the SFH Defendants can provide further evidence of service should the Court require it.

Moore's Federal Practice § 310.40(2) (stating that the district court is not permitted to "remove material from the record" under Appellate Rule 10(e)). Further, "Rule 10(e) is not a vehicle for parties to raise a belated challenge to the course of the pleadings below." *U.S. v. Pagan-Ferrer*, 736 F.3d at 584.

In this case, Lu does not contend that there was any error in the record; He does not dispute that the SFH Defendants' oppositions were filed in the District Court. Rather, Lu contends that he did not receive the SFH Defendants' oppositions and, as a result, he seeks to have them stricken from the record on appeal. This is not a permissible ground for a Rule 10(e) motion and, thus, the Motion should be denied.

Additionally, Lu's alleged failure to receive the SFH Defendants' oppositions does not invalidate service. Indeed, "service by mail is complete upon mailing . . . even if it is not received." *Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988); Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by: mailing it to the person's last known address—in which event service is complete upon mailing."). As set forth in the certificates of service, counsel for the SFH Defendants caused both oppositions to be sent to Lu via first class mail on July 23rd at the address listed on the docket. Thus, service on Lu was completed by the SFH Defendants.[2]

## CONCLUSION

For the above-stated reasons, the SFH Defendants respectfully request that Lu's Motion to Correct Record by Striking Two Filings be denied.

---

[2] It should be noted that while Lu takes issue with the SFH Defendants' certificates of service, he did not attach a certificate of service to his own Motion, nor did he serve a copy of the Motion on counsel for the SFH Defendants, nor did he seek to confer pursuant to Local Rule 7.1. Dkt No. 37. Rather, counsel for the SFH Defendants received notice of Lu's filings when they were docketed by the Clerk in ECF.

|  |  |
|---|---|
|  | KAREN LAFRAZIA and SAINT FRANCIS HOUSE, INC., |
|  | <u>/s/ Elizabeth H. Kelly</u><br>Elizabeth H. Kelly (BBO No. 672277)<br>  liz.kelly@lockelord.com<br>LOCKE LORD LLP<br>111 Huntington Avenue<br>Boston, MA 02199 |
| August 31, 2021 | 617.230.0100 |

## Certificate of Service

I certify that on August 31, 2021, (1) this document was filed through the Court's ECF System and will be served electronically to the Registered Participants identified in the Notice of Electronic Filing, and (2) I caused a copy of this document to be served upon the Plaintiff via First Class Mail at the address listed for Plaintiff on the docket.

<u>/s/  Elizabeth H. Kelly</u>